## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | |
| | Case No. CF0479-24 |
| vs. | |
| BENIFACIO RANUK,<br>(aka Tiu Rengaw; aka Bonifacio Renuk; aka Bonifasio Renuk; aka Renuk Bonifasio; aka Bonifaisio A. Ranuk),<br>DOB: 11/28/1972 aka 02/28/1973 | **DECISION AND ORDER**<br>**(Answer to OAG's Statement of Objection)** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on August 19th, 2024, for a Motion Hearing regarding the Office of the Attorney General's ("OAG's") Statement of Objection ("Objection"), in which the OAG objects to the Honorable Alberto E. Tolentino ("Judge Tolentino") presiding over the above-captioned matter due to his relationship with Attorney General Douglas Moylan ("AG Moylan" or "then-Attorney Moylan"). Upon consideration of the arguments and applicable Guam law, the Court hereby **DENIES** OAG's Objection. As such, Judge Tolentino may continue to preside over this matter.

## BACKGROUND

This case began on July 9, 2024, when the Attorney General of Guam accused Benifacio Ranuk ("Defendant") with Possession of a Schedule II Controlled Substance (As a 3rd Degree

Felony). Magistrate's Compl. (Jul. 9, 2024). The matter was assigned to Judge Tolentino on August 1st, 2024. Notice of J. Assignment (Aug. 1, 2024). Then, on August 2nd, 2024, the OAG filed a Statement of Objection and Motion to Disqualify Judge Tolentino based on his alleged relationship with AG Moylan. Statement of Obj. 7 GCA § 6107 & Mot. to Disqualify. (Aug. 2, 2024). Judge Tolentino answered the Statement of Objection on August 5, 2024. Answer to Statement of Obj. (Aug. 5, 2024). The matter was assigned to this Court in the limited capacity of Recusal Judge on the same day. Notice of Assignment of Recusal J. (Aug. 5, 2024). The OAG responded to Judge Tolentino's answer on August 12, 2024. People's Resp. to J. Tolentino's Answer to Statement of Obj. 7 GCA § 6107 & Mot. to Disqualify (Aug. 12, 2024). Defendant gave their answer as well on August 13, 2024. Def.'s Resp. to Gov't's Statement of Obj. (Aug. 13, 2024). The Court then took the matter of Judge Tolentino's disqualification under advisement.

## A. Attorney General Moylan's Relationship with Judge Tolentino

It is undisputed that Judge Tolentino is married to AG Moylan's ex-wife, Doris L.G. Tolentino ("Doris"), and that Judge Tolentino is the stepfather to AG Moylan's two children, Brandon (born 1990) and Angela (born 1992). Answer to Statement of Obj. at 3 (Aug. 2, 2024). AG Moylan and Doris divorced in 1997, and then, in 2005, Doris remarried to Judge Tolentino, who remains her husband to this day. *Id.* As recently as October 2022, prior to AG Moylan's election, Judge Tolentino disqualified himself from cases involving then-Attorney Moylan in private practice, because "Douglas Moylan, Esq., is the father of my step-children." *Id.* at 24-26, Exs. A-C.

A month later, on November 8, 2022, then-Attorney Moylan was elected Attorney General of Guam and became AG Moylan, taking office in January 2023. *Id.* at 2. Before being

sworn in as Attorney General, however, then-Attorney Moylan requested a meeting with Judge Tolentino in December 2022. *Id.* The meeting took place in Judge Tolentino's chambers with the Administrator of Courts, Judge Tolentino's chamber staff, and then-Attorney Moylan's transition chairperson, Mr. Wilfred Aflague. *Id.* According to Judge Tolentino, and undisputed by the OAG, then-Attorney Moylan "assured [Judge Tolentino] and the other members in attendance that he perceived no conflict in his election as Attorney General and the prosecution of criminal cases before [Judge Tolentino's Court]." *Id.* Accordingly, since AG Moylan took office in January 2023, Judge Tolentino has presided over a myriad of criminal cases all without statements of objection from the OAG[1], until now. Only recently has the OAG begun to file statements of objection[2] and only recently has Judge Tolentino been disqualified because of his relationship with AG Moylan.

**B. Recent Decisions Regarding Judge Tolentino's Disqualification**

The first ever disqualification of Judge Tolentino (based on his relationship with AG Moylan) did not arise out of an objection from the OAG, but out of an objection from a Defendant. On April 5, 2024, for the first time, a court found that "a reasonable person could question whether Judge Tolentino could be impartial in a case proceeding at the direction of [AG] Moylan" due to the fact that Judge Tolentino is stepfather to AG Moylan's children. *People of Guam v. Nakita T. Aguon*, CM0145-21 at 8 (Super. Ct. Guam. April 5, 2024). The Honorable Joseph N. Camacho, serving as Judge Pro Tempore, issued the Decision and Order after Nakita T. Aguon, the Defendant in the

---

[1] *See* Answer to Statement of Obj. at 6 (Jul. 29, 2024) citing *People v. Balatico*, Crim. Case No. CM0188-24; *People v. Rosal*, Crim. Case No. CF0270-24, and *People v. Rikat*, Crim. Case No. CF0423-24 and Shane Tenorio Healy, "Akoma trial: Judge denies admission of AG evidence", *Marianas Variety*, November 23, 2023, Akoma trial: Judge denies admission of AG evidence | News | Marianas Variety News & Views (mvariety.com).

[2] *See People of Guam v. Richard Y. Yabnez, et. al,* CF0447-23 at 5-6 (Super. Ct. Guam. June 12, 2024).

case, argued during a hearing on March 1, 2024, that "there had been an undisclosed familial relationship between Judge Tolentino and Douglas Moylan..." *Id.* at 4-5.

Then, on May 1, 2024, for the first time during AG Moylan's tenure as Attorney General, the OAG filed a Statement of Objection against Judge Tolentino in a government corruption case, based on Judge Tolentino's relationship with AG Moylan's children. *See People of Guam v. Richard Y. Ybanez, et. al*, CF0447-23 at 5-6 (Super. Ct. Guam. June 12, 2024). The objection took place several days after Judge Tolentino disqualified the OAG itself over a conflict of interest in the same case. *Id.* at 5. The Statement of Objection cited the precedent set by *Aguon* a few weeks earlier. *Id.* at 6. Ultimately, the Honorable Maria T. Cenzon denied the Statement of Objection on June 12, 2024, holding that Judge Tolentino was not disqualified under 7 GCA § 6105(a) or (b), and that even if he was, the OAG's Objection was untimely under 7 GCA § 6107 and constituted a waiver. *Id.* at 23.

Concurrently, on May 21, 2024, a Defendant in another case, similar to the Defendant in *Aguon*, filed an Amended Objection on Judge Tolentino as well. *See People of Guam v. Corina Jamel Taitingfong, et al. ("Taitingfong")*, CF0024-24 at 4 (Super. Ct. Guam. June 4, 2024). The Honorable Elyze M. Iriarte, sitting as a recusal Judge, issued a Decision and Order finding for the Defendant that "[b]ecause of a reasonable perception that Judge Tolentino continues a co-parental connection with Attorney General Moylan despite the maturation of their mutual children, he is disqualified, and such disqualification has not been waived nor can it be cured retroactively through an ethical wall." *Id.* at 8.

Finally, on July 18, 2024, (two weeks before the OAG filed their Statement of Objection in this case[3]) the Guam Supreme Court issued an Opinion in *San Agustin v. Superior Court*, finding that since Judge Tolentino had previously disqualified himself from the case, based on his close relationship with the Defendants, that the Court "lacked jurisdiction to act while the judge is disqualified." *San Augustin*, 2024 Guam 2 at ¶ 19. The Guam Supreme Court explained that they were using their supervisory authority "to clarify that a disqualified judge should not be appointed as a recusal judge." *Id.* at ¶ 36. In the wake of these recent decisions, this Court now takes up the same issue of whether Judge Tolentino should be disqualified based his relationship with AG Moylan.

## DISCUSSION

7 GCA § 6105 provides the substantive grounds for disqualification of a Judge in Guam. 7 GCA § 6105(a) states in full:

> Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete disclosure to all parties in the proceeding of the reasons for disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

> *See* 7 GCA § 6105(a).

The Supreme Court of Guam, in interpreting this section, explained that "what matters is 'the *appearance* of bias,' not 'actual bias.'" *Dizon v. Superior Court*, 1998 Guam 3 ¶ 10 (emphasis added). "[N]o actual showing of bias is necessary for recusal to lie." *Id.* ¶ 10. Instead, the Court must focus on "whether a reasonable person would have a reasonable basis for questioning the Judge's impartiality, not whether the Judge is impartial." *People v. Tennessean*, 2010 Guam 12 ¶ 33 citing *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

---

[3] Statement of Obj. 7 GCA § 6107 & Mot. to Disqualify. (Aug. 2, 2024).

In Guam, a Judge is mandated to disclose any facts which disqualify them under Section 6105, if such grounds exist. 7 GCA § 6106. When such grounds exist and a Judge fails to declare them as required, any party may file a statement of objection under 7 GCA § 6107. The Supreme Court of Guam has described the procedure prescribed by 7 GCA § 6107 as follows:

> Pursuant to 7 GCA 6107, if a judge does not recuse himself, then a party may, 'at the earliest practicable opportunity,' 'file ... a written statement objecting to the ... Judge.' The written statement must 'set[ ] forth the fact or facts constituting the ground of the disqualification of such ... Judge,' and must be served on the Judge. Within 'ten (1 0) days after the service ... or ... filing of any statement, whichever is later in time,' a Judge may file a 'written answer,' which must be 'verified in the manner prescribed for the verification of pleadings.' If the Judge opposes his own disqualification, then 'the question of the… Judge's disqualification shall be heard and determined by some other Judge.'

*See Van Dox v. Superior Ct.*, 2008 Guam 7 ¶ 17 (internal citations omitted).

In the same case, the Guam Supreme Court made clear that "with respect to the statutory provision requiring that disqualification be urged at the 'earliest practicable opportunity,' the intention 'is clear that failure to comply with the provision constitutes a waiver.'" *Id.* ¶ 40 citing *Caminetti v. Pac. Mut. Ins. CO. of Cal.*, 139 P.2d 930, 933 (Cal. 1943). Therefore, the Court must first determine whether the OAG waived their objection under 7 GCA § 6107, and then determine whether there is an appearance of bias under 7 GCA § 6105.

**A. Did the OAG Fail to File at the 'Earliest Practicable Opportunity,' and Therefore Waive Their Statement of Objection Under 7 GCA 6107?**

The Court answers this question in the affirmative. In Guam, in order to comply with 7 GCA § 6107, disqualification must be urged at the "earliest *practicable* opportunity." *See Van Dox v. Superior Ct.*, 2008 Guam 7 ¶ 17 (emphasis added). The Guam Supreme Court takes this language from a California case and notes that an

"objection was waived where party failed to request disqualification until *three months after the party was aware of the disqualifying facts...*" *Id.* at ¶ 45 citing *Caminetti v. Pac. Mut. Ins. Co. of Cal.*, 139 P.2d 930, 933 (Cal.1943) (emphasis added). The Guam Supreme Court also notes that a "statement may be untimely if a party waits until the eve of trial to request disqualification *based on information made known months earlier.*" *Id.* at ¶ 46 citing *People v. Panah*, 107 P.3d 790, 824 (Cal.2005) (emphasis added). In the case before us, AG Moylan knew about the allegedly disqualifying facts almost two decades in advance, because AG Moylan's ex-wife Dorris remarried Judge Tolentino in 2005. Answer to Statement of Obj. at 3 (Aug. 5, 2024).

Further, AG Moylan himself recognized that the "earliest possible opportunity" to address the allegedly disqualifying facts was almost two years ago, in December 2022, before taking office, because that's when then-Attorney Moylan chose to meet with Judge Tolentino and waive the conflict. *Id.* at 2. AG Moylan does not dispute this[4], and the meeting took place in front of witnesses, including the Administrator of Courts. *Id.* It is correct that the newly elected Attorney General sought to resolve the conflict in December 2022 before taking office, because there are massive administrative concerns with disqualifying one of the Guam Superior Court's limited Judges from every criminal case on the island, and any civil case charged by the OAG as well. This is why the Guam Supreme Court has cautioned that a Judge should not "distance themselves from cases at the slightest suggestion" because "[a] Judge's duty to hear a case and keep the wheels of justice rotating is just as strong as his or her duty to remove himself or herself if a reasonable person would not believe in his or her impartiality." *Ada v. Guitierrez*, 2000

---

[4] Min. Entry at 9:48:01 AM (Mot. Hearing, Aug. 15, 2024).

Guam 22 at ¶¶ 12-13. With all of this in mind, the Court will nevertheless address the OAG's timeliness arguments.

### a. AG Moylan's Waiver Still Applies, Even Though the OAG Filed this Case in 2024

The OAG maintains that they filed their Magistrate Complaint for this case in August 2024, and that it is therefore timely. People's Resp. to J. Tolentino's Answer to Statement of Obj. 7 GCA § 6107 & Mot. to Disqualify at 3, (Aug. 12, 2024). In a more typical situation, the Guam Supreme Court has held that "a statement of objection is *normally* timely if it is submitted prior to any hearing before the challenged judge in the matter." *See Van Dox v. Superior Ct.*, 2008 Guam 7 ¶ 46 citing *Hollingsworth*, 236 Cal.Rptr. at 195-96 (emphasis added). However, this is not a "normal" situation. This is the Attorney General of Guam. If we disqualify Judge Tolentino from hearing cases related to AG Moylan, we will disqualify Judge Tolentino from Guam's *entire* prosecution mechanism.

When the Guam Supreme Court laid out the normal timeliness standard, stated above, the Court cited *Hollingsworth*, but that California case involves a situation where a Defendant could not possibly predict that the Judge in question would hear the case ahead of time. *See Hollingsworth*, 236 Cal.Rptr. at 197 ("We find it unreasonable, as well as impracticable, to require presentation of a statement of disqualification until it is known which judge will hear the case."). Unlike the Defendant in *Hollingsworth*, AG Moylan knew that Judge Tolentino would hear AG Moylan's cases, because Judge Tolentino is a Guam Superior Court Judge and AG Moylan is the Attorney General of Guam.

AG Moylan knew well ahead of time that Judge Tolentino would be hearing AG Moylan's cases, which is why AG Moylan himself asked Judge Tolentino for a meeting to address the countless, potential conflicts. Answer to Statement of Obj. at 2 (Aug. 5, 2024). Typically, the timeliness requirement should be "liberally construed" to promote justice. *See Van Dox v. Superior Ct.*, 2008 Guam 7 ¶ 45 citing *Eagle Maint. & Supple Co. v. Super. Ct.*, 16 Cal.Rptr. 745, 747 (Dist.Ct.App.1961). However, again, when the Guam Supreme Court emphasizes this liberal construction, they cite a California case where, "it would place an undue hardship upon *a litigant or his counsel* to compel him to know before the first scheduled trial setting, *what judge would be assigned* to try his case in a particular department of the court where the trial date has been set over." *Id.* (emphasis added).

The Guam Supreme Court's normal standard clearly applies in a typical situation, but the case before us is not typical: it involves the Attorney General. AG Moylan clearly knew "what judge would be assigned to try his cases," because the Attorney General represents the People, and the People inevitably try cases in front of every Superior Court Judge, including Judge Tolentino. This is why AG Moylan met with Judge Tolentino back in December 2022 to specifically address Judge Tolentino's criminal docket, *before* taking office. Further, AG Moylan does not dispute that he purposely waived any potential conflicts during the meeting. Min. Entry at 9:48:01 AM (Mot. Hearing, Aug. 15, 2024). This waiver stood for over a year and a half.[5] The AG

---

[5] *See* Answer to Statement of Obj. at 6 (Jul. 29, 2024) citing *People v. Balatico*, Crim. Case No. CM0188-24; *People v. Rosal*, Crim. Case No. CF0270-24, and *People v. Rikat*, Crim. Case No. CF0423-24 and Shane Tenorio Healy, "Akoma trial: Judge denies admission of AG evidence", *Marianas Variety*, November 23, 2023, Akoma trial: Judge denies admission of AG evidence | News | Marianas Variety News & Views (mvariety.com).

cannot rescind the waiver now. Countless criminal cases could be overturned, an outcome that would not "promote justice." *Van Dox v. Superior Ct.*, 2008 Guam 7 ¶ 45 citing *Eagle Maint. & Supple Co. v. Super. Ct.*, 16 Cal.Rptr. 745, 747 (Dist.Ct.App.1961).

### b. *San Augustin* Does Not Justify OAG's Statement of Objection

The OAG claims that the *San Augustin* opinion provides additional grounds on which to require disqualification, "namely the Supreme Court's explanation and use of its supervisory authority over the Superior Court of Guam's assignment of matters to disqualified judges." People's Resp. to J. Tolentino's Answer to Statement of Obj. 7 GCA § 6107 & Mot. to Disqualify at 3 (Aug. 12, 2024). The OAG also notes that they filed their Statement of Objection the day after the Guam Supreme Court issued *San Augustin*. *Id*. However, the Guam Supreme Court's supervisory authority was not invented in July 2024; it has been in use for decades. *See People v. Angoco*, 2006 Guam 18 ¶ 29 (holding that the Guam Supreme Court's supervisory power is intended to "address extreme cases, such as when the Superior Court is acting in excess of its powers."). Further, in *San Augustin*, the Guam Supreme Court addressed "(1) the manner in which judges are appointed to review the denial of disqualification requests, and (2) the rights of the parties to briefing and hearing once the review is assigned to a reviewing judge..." *San Augustin*, 2024 Guam 2 ¶ 34. This involves *judges reviewing disqualification requests*, not the disqualification itself. As such, *San Augustin* does not apply to the disqualification issue before us.

### c. *Aguon* is Not Binding Precedent, But Even If It Was, It Establishes Precedent for a Defendant, Not the OAG

Although *San Augustin* is not relevant to the case, the same cannot be said for *Aguon*, the first instance where a trial court disqualified Judge Tolentino because "a reasonable person could question whether Judge Tolentino could be impartial in a case proceeding at the direction of [AG] Moylan." *People of Guam v. Nakita T. Aguon*, CM0145-21 at 8 (Super. Ct. Guam. April 5, 2024). This decision is not binding, however, as it was not issued by the Guam Supreme Court. Further, the objection in the case arose because the Defendant filed a Motion for Disqualification of Prosecutor (not a Statement of Objection under 7 GCA § 6105) and then the Defendant later argued during a hearing on March 1, 2024, that "there had been an undisclosed familial relationship between Judge Tolentino and Douglas Moylan..." *Id.* at 4-5. Therefore, the holding in *Aguon* does not apply to objections by the OAG, but instead to objections by a Defendant. Even if *Aguon* was binding precedent, AG Moylan cannot make the preposterous claim that there has been an "undisclosed familial relationship" between Judge Tolentino and himself. AG Moylan has known about this relationship for twenty years and, unlike the Defendant in *Aguon*, AG Moylan waived the relationship in December 2022.

### d. AG Moylan's Waiver is of Particular Concern, Given that the OAG May be Attempting to Manipulate the Criminal Justice System

Finally, the fact that AG Moylan waived the conflict and then seems to have rescinded that waiver is of particular concern, because the Guam Supreme Court makes it clear that 7 GCA § 6105 "is not intended to 'bestow veto power over judges or to be used as a judge shopping device.'" *San Agustin v. Superior Court of Guam*, 2024 Guam 2 ¶ 24 (quoting *People v. Camaddu*, 2015 Guam 2 ¶ 80 (quoting *Nichols v. Alley*, 71

F.3d 347, 351 (10th Cir. 1995) (per curiam); *cf. Ada*, 2000 Guam 22 ¶ 21 ("We do not want to open a Pandora's box in which parties begin drawing a judge's family tree each time it seems that a judge will rule against them."). AG Moylan did not question his own waiver with Judge Tolentino, until a year-and-a-half into AG Moylan's tenure, when Judge Tolentino issued a major decision with which AG Moylan seriously disagreed.

In that case, in the first decision to ever address a Statement of Objection by the OAG regarding AG Moylan's relationship with Judge Tolentino, the Honorable Maria T. Cenzon notes that the timing of the OAG's Objection is "suspect because it comes on the heels of Judge Tolentino's Decision and Order issued on April 25, 2024, granting Defendant Sablan's Motion to Disqualify the Office of the Attorney General and mandating that a special prosecutor be appointed." *People of Guam v. Richard Y. Yabnez, et. al*, CF0447-23 at 21 (Super. Ct. Guam. June 12, 2024). Since then, and only a few weeks after filing the Statement of Objection in this case, AG Moylan published an op-ed in *Pacific Daily News*, confirming that he seeks to overturn his own disqualification by Judge Tolentino in the very case noted by the Honorable Maria T. Cenzon:

> *We are concerned that the Guam trial courts are engaging in Judicial Activism and re-writing Guam law* that expressly requires that the Guam Attorney General be the public prosecutor and to provide legal services to government officials who are only stewards of the People, and are not the People of Guam, by using "ethics rules" to disqualify this elected AG.
>
> *I believe it is wrong and we will seek to have it corrected either in this court or higher courts.*[6]

---

[6] Attorney General Douglas Moylan, "LETTER: Court decision interferes with elected AG's ability to fight corruption", *Pacific Daily News*, June 2, 2024, LETTER: Court decision interferes with elected AG's ability to fight corruption | Opinion | guampdn.com.

The Court cannot discern if AG Moylan started disqualifying Judge Tolentino, because, as AG Moylan writes, he is "concerned that the Guam trial courts are engaging in Judicial Activism" and he wishes to find a better outcome with different Judge. These circumstances surrounding AG Moylan's sudden objection against Judge Tolentino, after a year-and-a-half of not objecting, inform our decision about the waiver, because the Court should seek to avoid "outcomes which lead to the manipulation of the criminal justice system." *See People v. Camaddu*, 2015 Guam 2 ¶ 80 (stating that if a trial court recused itself "every time it receives unsolicited material uncomplimentary to a defendant prior to trial or sentencing [it] would create an intolerable situation which could lead to a manipulation of the criminal justice system."). For this reason, and all of the reasons above, the OAG's waiver should be treated as a failure to file at the "earliest practicable opportunity" under 7 GCA § 6107.

## B. Does Judge Tolentino Have a Disqualifying Relationship that Creates the 'Appearance of Bias' Under 7 GCA 6105?

The Court declines to answer this question definitively. Given the waiver under 7 GCA § 6107, it is not necessary for the Court to reach the alleged bias under 7 GCA 6105, because the objection is procedurally defective. However, given the recent revelations in *Aguon*, Defendants are not precluded from raising their objections. Only the OAG is precluded.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** the OAG's Statement of Objection and declines to disqualify the Honorable Alberto E. Tolentino. The Court returns this case to the Honorable Alberto E. Tolentino.

SO ORDERED, this 29ᵗʰ day of August 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an
original was emailed to:
_AG, PDSC_

Date: 8-29-24/Time 1:23pm
A. Caldoza
Deputy Clerk, Superior Court of Guam